UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DECARLOS FREEMAN, )
)
*Plaintiff* )
)
v. ) CAUSE NO. 3:19-CV-70 RLM-MGG
)
MOLDING PRODUCTS, *et al.*, )
)
*Defendant* )

OPINION AND ORDER

De Carlos Freeman filed a discrimination charge with the South Bend
Human Rights Commission alleging that Molding Products had wrongfully
terminated his employment based on his race. The Commission found that there
was no probable cause to support the allegations of discrimination, denied Mr.
Freeman's request for reconsideration, and dismissed the charge. After the EEOC
adopted the Commission's finding and issued a notice of right to sue, Mr. Freeman
filed a complaint under Title VII against Molding Products, and two of his
supervisors, Dwayne Coop (incorrectly identified as Dwayne Cooper), and Neal
Hinds, asserting claims of race discrimination, hostile work environment,
harassment, and wrongful termination, and seeking to hold them jointly and
severally liable. Mr. Coop and Mr. Hinds contend that they can't be held
individually liable under Title VII and moved to dismiss the claims asserted
against them. Mr. Freeman hasn't responded to those motions or sought an

extension of time within which to do so.  For the following reasons, the court grants the motions.

Pro se complaints are construed liberally, *see* Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994), so the court assumes that Mr. Freeman intended to sue Mr. Coop and Mr. Hinds in both their official capacities as supervisors and their individual capacities.

An employer may be held vicariously liable under Title VII for the acts of its supervisors, *see* Vance v. Ball State Univ., 570 U.S. 421 (2013), but Mr. Coop and Mr. Hinds aren't employers within the meaning of the statute, and can't be held individually liable under Title VII.  Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). To the extent Mr. Freeman seeks to hold them liable in their official capacities as agents of Molding Products, his claims are redundant of the claims against Molding Products itself.  *See* Sow v. Fortville Police Dept., 636 F.3d 293, 300 (7th Cir. 2011) ("[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent."); Smith v. Metro. School Dist. Perry Twp., 128 F.3d 1014, 1021 n.3 (7th Cir. 1997) (claims against principal and assistant principal redundant of claims against School District and Board); Aku v. Chicago Bd. of Educ., 290 F.Supp.3d 852, 860 (N.D. Ill 2017) (dismissing Title VII official capacity claims against school principal because they were redundant of claims against the School Board).

Accordingly, the court GRANTS the motions to dismiss the claims against

Mr. Coop and Mr. Hinds in their individual capacities [Doc. Nos. 12 and 14].

SO ORDERED.

ENTERED:  May 30, 2019


                                    /s/ Robert L. Miller, Jr.
                                    Judge
                                    United States District Court