UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DE CARLOS FREEMAN, | |
| Plaintiff, | |
| v. | CASE NO. 3:19-CV-70-RLM-MGG |
| MOLDING PRODUCTS, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff, proceeding *pro se*, has filed two motions to compel discovery responses. Plaintiff's first motion to compel was filed on January 2, 2020, and seeks complete responses to Rule 34 Requests for Production of Documents served upon Defendant, Molding Products[1]. [DE 36]. Plaintiff's first motion to compel has been fully briefed and ripe since February 20, 2020. *See* N.D. Ind. L.R. 7-1(d)(3). On April 20, 2020, Plaintiff filed his second motion to compel seeking full responses to Rule 33 Interrogatories served upon Defendant. [DE 49]. Plaintiff's second motion to compel is not ripe but will be decided along with the first motion to compel for reasons discussed below.

## I.   RELEVANT BACKGROUND

Through his complaint, Plaintiff has raised racial discrimination and harassment claims against Defendant under Title VII of the Civil Rights Act of 1964. Plaintiff

---

[1] Molding Products indicates that it was improperly identified in Plaintiff's complaint as "Molding Products" and that its actual name is Molding Products LLC. In this Opinion and Order, the Court will refer to Molding Products as "Defendant" because it is the sole remaining defendant in this action. [*See* DE 16].

contends that he was wrongfully terminated from his job at Defendant's South Bend, Indiana facility. Plaintiff was an employee of non-party Express Employment Professionals ("Express"), a staffing agency that placed him into a temporary position at Defendant's facility starting in August 2017. Plaintiff's placement ended on January 10, 2018, at Defendant's request.

The parties dispute the reason for Plaintiff's termination by Defendant. Defendant contends that Plaintiff's conduct at work on January 10, 2018, caused the termination. Specifically, Defendant indicates that Plaintiff clocked into work that day but did not report to his assigned work area for about thirty minutes. Defendant maintains that Plaintiff provided no viable excuse for his whereabouts during that time, lied about the duration of his absence from his own work area, and then changed his story when confronted. According to Defendant, the dishonesty led to Plaintiff's dismissal. Plaintiff rejects Defendant's alleged reason for terminating him. Instead, Plaintiff insists that he was an excellent worker who was terminated based upon untruthful allegations of errors or poor performance in the workplace.

As part of the discovery process, Plaintiff timely served 14 requests for production of documents on Defendant on August 28, 2019. [DE 23]. After the Rule 34(b)(2)(A) response period passed, Plaintiff communicated with Defendant's counsel about what he found to be deficient responses. On December 19, 2019, Plaintiff and Defendant's counsel also talked by phone in an attempt to clarify Plaintiff's requests and Defendant's objections. Their conversation did not, however, resolve the discovery dispute. Therefore, Plaintiff filed his first motion to compel on January 2, 2020.

In the meantime, the Court established a dispositive motion deadline of April 7 , 2020. [DE 30]. The Court also extended the deadline for the close of all discovery until March 7, 2020, at the parties' request. [DE 35]. In the extension order, the Court reiterated to the parties that "the last date to file any discovery-related nondispositive motion shall be 30 days prior to the discovery deadline"—or February 6, 2020, in light of the extension. [DE 35 at 1]. Notably, the Court's original Rule 16(b) Scheduling Order remained otherwise intact, including the Court's explanation that "[a]ll discovery other than depositions must be initiated at least forty-five days before the [discovery] cut-off date." [DE 21 at 3].

Plaintiff then served his first set of interrogatories on Defendant on March 6, 2020. [DE 41]. Defendant filed its motion for summary judgment on April 7, 2020 [DE 43], to which Plaintiff timely responded on April 20, 2020 [DE 48]. Claiming that Defendant had failed to answer the March 6th interrogatories, Plaintiff also filed his second motion to compel on April 20, 2020. [DE 49].

II.    ANALYSIS

A.    Untimeliness of Plaintiff's Second Motion to Compel

Plaintiff's second motion to compel is untimely. Given the parameters of the Court's original Rule 16(b) Scheduling Order, interrogatories had to be initiated by January 22, 2020—forty-five days before the March 7, 2020, discovery deadline. Therefore, Plaintiff should have sought an extension of the March 7th discovery deadline before serving his interrogatories after the January 22nd deadline. He did not. Additionally, Plaintiff should have sought an extension of the discovery deadline before

3

February 6, 2020—the Court's deadline for filing any nondispositive, discovery-related motions. Having failed to timely secure an extension of the discovery, Plaintiff's interrogatories and his second motion to compel were untimely and should be stricken for that reason alone.

Even if the Court were to belatedly allow Plaintiff's second motion to compel to proceed, the motion cannot succeed on the merits. Plaintiff's interrogatories seek information similar to that requested in his Rule 34 requests for production of documents. Moreover, Plaintiff's second motion to compel incorporates arguments related to the propriety of those interrogatories that are almost identical his arguments in his first motion to compel related to the propriety of his requests for production. For the reasons discussed below, both of Plaintiff's motions to compel must be denied.

B.    **Plaintiff's Requests for Production and Interrogatories Do Not Fall Within the Proper Scope of Discovery**

Fed. R. Civ. P. 26(b)(1) defines the proper scope of discovery in all civil litigation before this Court as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If parties cannot resolve their disputes related to discovery, they can seek the Court's assistance by filing a motion to compel discovery. Fed. R. Civ. P. 37(a)(1). District courts have broad discretion in matters relating to discovery. *See Patterson v. Avery Dennison*

4

*Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001)). "[T]he proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *United States v. Lake County Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006) (internal quotation omitted); *see also United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993) ("Since the documents at issue are not relevant to the controversy before us, Farley cannot, as a matter of law, make a showing of need."); *Greenbank v. Great Am. Assurance Co.*, 2019 WL 6522885, at *3 (S.D. Ind. Dec. 4. 2019) ("A party moving to compel production carries the initial burden of establishing, *with specificity*, that the requested documents are relevant." (emphasis in original)).

### 1.    Relevance

Plaintiff's requests for production and interrogatories seek information about his job responsibilities and his performance of those tasks during his tenure at Defendant's facility. To succeed on a Title VII discrimination claim,

> a plaintiff must first establish a *prima facie* case of discrimination by demonstrating that (1) she is a member of a protected class; (2) she met her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside of the protected class received more favorable treatment.

*Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (applying the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Once the plaintiff makes this showing, "the burden shifts to the employer to offer a non-discriminatory reason for the adverse employment action." *Id.* If a non-discriminatory

reason is offered, the burden shifts back to the plaintiff to proffer evidence that the employer's explanation is a pretext for discrimination. *Id.*

Here, the quality of Plaintiff's work performance, or his success in meeting Defendant's expectations, is an issue central to establishing a *prima facie* case of discrimination. Yet, Defendant indicated to the South Bend Human Rights Commission during the agency's investigation of Plaintiff's claims that none of his performance issues before January 10, 2018, were deemed to warrant any adverse employment action. Additionally, Defendant maintains that during the administrative phase of this litigation, it produced various documents related to performance issues identified by Plaintiff. Plaintiff has not demonstrated what is specifically deficient about Defendant's production to date or why his requests for production and interrogatories related to his job performance are otherwise relevant to his claims.

Similarly, Plaintiff's claims leave room for discovery into the question of whether Defendant's "dishonesty" rationale is a pretext for a wrongful, discriminatory termination. However, to establish pretext, a plaintiff must "produc[e] evidence that [the employer's] ostensible justification is 'unworthy of credence.'" *Testerman v. EDS Tech. Prods. Corp.*, 98 F.3d 297, 303 (7th Cir. 1996) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Thus, information showing that Defendant's "dishonesty" rationale is "factually baseless, [was] not the actual motivation for the discharge . . ., or [was] insufficient to motivate the discharge" would be relevant and discoverable. *Id.*

In his reply brief related to his first motion to compel, Plaintiff lays out his version of the events that led to his termination on January 10, 2018, suggesting that he disagrees with Defendant's statement of facts and its "dishonesty" rationale. Yet, none of Plaintiff's August 2019 requests for production [DE 23] or his March 2020 interrogatories[2] [DE 41] seek information related to the events of January 10, 2018, which Defendant contends are the sole cause of Plaintiff's termination. As a result, Plaintiff has not demonstrated the relevance of his requests for production to the pretext analysis. *Cf. Kimber v. Potter*, No. 06 C 2589, 2009 WL 2045379, at *5 (N.D. Ill. July 13, 2009) (finding evidence of pretext proffered by plaintiff in response to a motion for summary judgment was irrelevant because it had nothing to do with the stated reasons for plaintiff's termination).

### 2.    Other Concerns

Beyond the lack of relevance outlined above, some of Plaintiff's requests for production pose other problems. First, Defendant claims that it lacks custody, control, or possession of some of the information Plaintiff seeks such as email or phone calls between Plaintiff's direct employer Express and Defendant (RFP #1). Similarly, Plaintiff seeks video of a conversation between two of Defendant's employees that Defendant has no knowledge of its existence (RFP #13). Defendant cannot produce information it

---

[2] Plaintiff's ROG #1, 2, and 6 all appear to related to Defendant's communications with another employee Dwayne Coop on January 9, 2018. An inference that Plaintiff is seeking information related to the events of January 10, 2018, may be possible based on the citations to the day before. However, a plain language reading of ROG #1, 2, and 6 do not link the events of January 10th to the Coop communications.

does not possess even if Plaintiff believes it does. Moreover, evidence of the Express communications should be available from Express.

Second, Plaintiff appears to be seeking depositions of two individuals through RFP #3. However, depositions are governed by specific notice requirements delineated in Fed. R. Civ. P. 30 and 45, depending on the deponent's status as a party or non-party to the case. Defendant need not comply with Plaintiff's misdirected attempts to secure testimony from individuals over which Defendant may or may not have control, especially because Plaintiff has failed to show what evidence he is looking for from them or the relevance of that information in this case.

Third, Plaintiff's request for the names of all of Defendant's employees from August 24, 2017, until January 10, 2018, is overbroad and therefore disproportional to the needs of this case. Based on Defendant's representation, Plaintiff was supposedly seeking to identify individuals who could attest to his reputation as a good worker through RFP #6. Yet, Plaintiff has not shown that all of Defendant's employees should be burdened as non-parties to participate in litigation. That burden is also excessive given Plaintiff's failure to establish relevance for the reasons discussed above.

And lastly, Plaintiff seeks information about why a named individual was not hired through Express (RFP #7), but does not establish the relevance of this person or his employment to Plaintiff's claims or Defendant's defenses. Defendant contends that it does not know exactly who the individual is either making production of information about him impossible. Moreover, this information would presumably be available from Express.

III.    CONCLUSION

As discussed above, Plaintiff has not met his burden to prove that the information he seeks through his August 2019 requests for production and his March 2020 interrogatories is relevant to the claims and defenses in this case. *See Lake County Bd. of Comm'rs*, 2006 WL 978882, at *1 (N.D. Ind. Apr. 7, 2006). Additionally, Plaintiff has not demonstrated with specificity how Defendant's discovery responses to date are deficient. Compounding these substantive shortfalls is Plaintiff's failure to craft written discovery requests that are appropriately tailored to the scope of discovery in this case, that seek information in Defendant's custody, control, or possession, that do not unduly burden non-parties, or that were timely served.

Accordingly, the Court **DENIES** Plaintiff's first motion to compel [DE 36] and his second motion to compel [DE 49]. Defendant's responses to Plaintiff's August 2019 requests for production are deemed complete. The Court **NOTES**, however, that both parties remain obligated to supplement their discovery responses every six weeks until trial. [*See* DE 21 at 2].

**SO ORDERED** this 23rd day of April 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

9